TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

*Attorneys for Plaintiff Douglas Baker*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Baker, | Case No.: 3:13-cv-08246-PGR |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO AMENDED MOTION TO DISMISS** |
| vs. | |
| Caribbean Cruise Line, Inc., | |
| Defendant. | |

Plaintiff Douglas Baker ("Plaintiff") respectfully submits this memorandum in opposition to the Amended Motion to Dismiss filed by Defendant Caribbean Cruise Line, Inc. ("Defendant" or "CCL"). (Doc. No. 16).

**PRELIMINARY STATEMENT**

In his Complaint, Plaintiff seeks redress for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The alleged violations of the TCPA arise from the unsolicited telemarketing calls that Defendant made, or caused to be made, to Plaintiff in Arizona using an automated telephone dialing system with an artificial or prerecorded voice (hereafter, the "Robocalls"). (Doc. No. 1 at ¶¶ 8-18). The TCPA was enacted for the very purpose of allowing consumers to seek protection through lawsuits like the one Plaintiff brings here. As applicable here, it was intended to stop calls made to cellular telephones using an "automated telephone dialing system" ("ATDS") and/or prerecorded voice messages. As Congress found when enacting the TCPA, "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." TCPA, 105 Stat. 2394, 2394. *See also ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 514 (3d Cir. 1998) ("The TCPA was enacted with the privacy-protective purpose of dealing with common-nuisance telemarketing.").

Here, Defendant violated the TCPA and Plaintiff's privacy through the repeated calls made to sell its cruise products. As evidenced by Defendant's actions in this case, unlawful calls to consumers continue to be a widespread problem, as telemarketers routinely violate the TCPA. *See*, *e.g.*, *In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C.R. 1830, ¶ 22, 2012 WL 507959 (F.C.C. 2012) ("Since the TCPA's enactment and the adoption of implementing rules, the Commission has continued to receive thousands of complaints regarding unwanted telemarketing robocalls," and

"notwithstanding current consent requirements and other TCPA safeguards, consumers continue to experience frustration in receiving unwanted telemarketing robocalls.").

Now, Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim.  Defendant's arguments are meritless.  First, this Court has general jurisdiction over Defendant because Defendant is registered with and authorized by the Arizona Corporation Commission to transact business in Arizona.  It is also registered with the Arizona Secretary of State as a "telephone solicitor."  Second, this Court has specific personal jurisdiction over Defendant because Plaintiff's TCPA claim arises directly from the calls that Defendant made or caused to be made to Plaintiff in Arizona.

Moreover, Plaintiff has also pleaded his TCPA claim with the requisite sufficiency.  Defendant is undeniably on notice of the claims against it, as is evidenced by its motion papers, wherein it impermissibly goes beyond the pleadings and asserts that it has no TCPA liability because it is not responsible for the calls described in the Amended Complaint.  (Doc. No. 16 at p. 11; and Doc. No. 16-1 at ¶ 8).  That is an issue for discovery to bear out, not one to be decided on a Rule 12(b)(6) motion to dismiss.

The TCPA was enacted to provide consumers the opportunity to curb the type of abusive telemarketing practices complained of here.  The jurisdictional basis for this Court to hear Plaintiff's case is clear-cut and inescapable.  Plaintiff's TCPA claims arise from violative calls that Defendant is responsible for making.  Defendant's arguments that a consumer cannot sue a foreign defendant in his home state where he received the calls runs

3

afoul of the basic principles of personal jurisdiction and would also strip the TCPA of its teeth. Defendant's arguments are unfounded, and its motion should be denied in its entirety.

## ARGUMENT

### I.      The Standard for Determining a Rule 12(b)(2) Motion

In opposing a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing that the exercise of personal jurisdicition is proper. *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir.2010). As is the case here, where the motion will be resolved before discovery has been conducted and without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion; that is, the plaintiff "need *only* demonstrate facts that *if true* would support jurisdiction over the defendant." *Bauman v. DaimlerChrysler Corp.,* 644 F.3d 909, 919 (9th Cir. 2011) (quoting *Ballard v. Savage,* F.3d 1495, 1498 (9th Cir. 1995); emphasis in original). In deciding whether this burden has been met, "the uncontroverted allegations of [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

In general, "personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154–1155 (9th Cir. 2006). Arizona Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1050 (9th Cir. 1997). "Due process requirements are satisfied when in personam jurisdiction is

4

asserted over a nonresident [ ] defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A., v. Hall,* 466 U.S. 408, 413–14 (1984) (internal punctuation removed).  "Minimum contacts" can be satisfied with either "general jurisdiction" or "specific jurisdiction." *Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir. 2001).

## II.     The Court has General Jurisdiction over Defendant

"If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum."  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (citation omitted).

Here, general jurisdiction is established by the facts that, at all relevant times, Defendant was, and is, a foreign corporation authorized to transact business in Arizona. Moreover, Defendant has an agent located in Phoenix, Arizona, for purposes of service of process.[1]  Under similar facts, the court in *Bohreer v. Erie Ins. Exch.*, 216 Ariz. 208, 165 P.3d 186, 193 (Ct. App. 2007) stated as follows:

> We find further support for concluding that exercise of jurisdiction is constitutional in *Bane* [*v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991)] and *Knowlton.* In *Bane,* discussed *supra* ¶¶ 15–17, the only contact the defendant foreign corporation had with Pennsylvania other than having employees occasionally travel there on business was the authorization to do business and

---

[1] *See* http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=F14993485&type=CORPORATION.  The Court may take judicial notice of this public record listed on the Arizona Corporation Commission's website. *See, e.g., Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 768 (D. Ariz. 2012).

>appointment of a state official to accept service of process. 925 F.2d at 638–39. That authorization and appointment were found sufficient to confer general personal jurisdiction over the corporation, even though it had withdrawn its authorization to conduct business in the state after the events leading to the lawsuit had already occurred. 925 F.2d at 639–41.

*Bohreer*, 216 Ariz. at 215.

General jurisdiction over Defendant is further supported here by the fact that it is also registered as a "telephone solicitor" in Arizona with the Arizona Secretary of State.[2] Under Arizona law, a "solicitor" means a person or entity that "uses a telephone to seek sales or rentals of merchandise on behalf of a seller or uses a telephone to verify sales or rentals of a seller."  A.R.S.  § 44-1271.

### III.    The Court has Specific Jurisdiction over Defendant

Here, Plaintiff contends that Defendant is subject to specific jurisdiction because this suit arises directly out of Defendant's telephone calls to Plaintiff in this forum.  Specific jurisdiction requires that: "(1) the nonresident defendant purposefully direct his activities or consummate a transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum ...; (2) the claim be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction be reasonable." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2003) (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)).  The plaintiff bears the burden of satisfying the first two prongs of the test, and, if he succeeds at that, the burden shifts to the defendant to show compellingly that the exercise of

---

[2] *See* http://www.azsos.gov/scripts/nph-TS_search_engine.exe/ZoomSOL_ID?SOL_ID=625196.

jurisdiction would not be reasonable. *Schwarzenegger,* 374 F.3d at 802. "Once minimum contacts [are] shown, a rebuttable presumption arises that the exercise of jurisdiction is reasonable." *Sinatra v. National Enquirer,* Inc., 854 F.2d 1191, 1195 (9th Cir.1988). The defendant bears a "heavy burden" to overcome this presumption. *Ballard*, 65 F.3d at 1500.

### A.      Defendant Purposefully Directed its Activity at this Forum

A defendant purposefully directs activity at a forum state when he "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger,* 374 F.3d at 805. Such acts may include a few instances of correspondence or telephone contact. *See Brainerd v. Governors of the Univ. of Alberta,* 873 F.2d 1257, 1259 (9th Cir. 1989).

In another TCPA case, the court in *j2 Global Communications, Inc. v. Blue Jay, Inc.*, 2009 WL 29905 (N.D. Cal. Jan. 05, 2009), ruled that unsolicited fax advertisements sent to the plaintiff's fax machine from an out-of-state defendant in violation of the TCPA provide a sufficient basis for establishing the existence of personal jurisdiction. *Id.* at *10. As the court in *j2* explained, under such circumstances, the defendant has directed its activities at the forum state by calling the plaintiff without the plaintiff's consent, the TCPA claim arises out of that conduct, and exercise of jurisdiction is not unreasonable. *Id.* at *5-*10. *See also Brink v. First Credit Resources,* 57 F.Supp.2d 848, 860–61 (D. Ariz. 1999) (Chief Judge Silver found defendant purposefully availed itself of the forum, and that exercise of personal jurisdiction in Arizona was reasonable, based on letters sent to plaintiffs in the forum in alleged violation of the Fair Debt Collection Practices Act ("FDCPA")); *Patterson v. Latimer Levay Jurasek LLC,* 2009 WL 1862427 (S.D. Cal. June 29, 2009) (specific

jurisdiction in California existed over Illinois debt collector by intentionally sending collection letter to plaintiffs which purportedly violated FDCPA); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.,* 399 F.Supp.2d 1108 (D. Haw. 2005) (debt collection letter giving rise to the plaintiff's lawsuit was sufficient to assert personal jurisdiction over out-of-district debt collector); *Paradise v. Robinson and Hoover,* 883 F.Supp. 521 (D. Nev. 1995) (in FDCPA case, court found personal jurisdiction based on plaintiff's allegation of a single debt collection letter being sent to the forum state).

Here, Defendant had minimum contacts with the forum, as it made, or caused to be made, multiple phone calls to Plainitff, an individual residing in Arizona and whose phone number has an Arizona area code. (Doc. No. 1 at ¶¶ 4 – 10). As such, Defendant knew, or should have known, that it was purposefully directing its activity at the forum.

### B.     Defendant's Forum Directed Actions Give Rise to this Suit

The second requirement for specific jurisdiction is that the defendant's purposefully directed contacts to the forum give rise to the current suit. The Ninth Circuit measures this requirement in terms of "but for" causation. *See Ziegler v. Indian River County,* 64 F.3d 470, 474 (9th Cir. 1995). This requirement is met here. But for Defendant's telephone calls to Plaintiff, Plaintiff would not have any TCPA claims against Defendant. Indeed, Defendant's telephone calls are the very subject of the litigation. Without question, Plaintiff's TCPA claims arise out of, and relate to, Defendant's forum related calls into Arizona. Thus, the second prong (as well as the first) of the *Schwarzenegger* test have been established. *See Schwarzenegger*, 374 F.3d at 802; *see also Vaile v. National Credit Works, Inc.*, 2012 WL 1520120, at *4-*5 (D. Ariz. March 26, 2012) *report and recommendation*

*adopted* 2012 WL 1520115 (D. Ariz. May 1, 2012) (first two prongs of *Schwarzenegger* test met where the defendant purposefully directed its phone calls to the plaintiff in Arizona and the plaintff's FDCPA claims "arise out of, and relate to" the defendant's forum-related calls into Arizona).[3]

### C. Exercising Personal Jurisdiction over Defendant is Reasonable

A District Court presumes that its exercise of jurisdiction over a defendant is reasonable if the first two requirements of the specific jurisdiction test are met. *Ballard,* 65 F.3d at 1500. Once a plaintiff satisfies the first two requirements for specific jurisdiction, the burden of proof then shifts to the defendant, which must come forward with a "compelling case" that personal jurisdiction would be unreasonable. *Id.*

The Ninth Circuit considers seven factors when determining whether exercising specific jurisdiction is reasonable: "(1) the extent of defendant['s] purposeful interjection into the forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 561

---

[3] In *Johnson v. Caribbean Cruise Line, Inc., et al.*, Case No. 1:12-cv-01184-LY (W.D. Tex. 2012), specific jurisdiction was also found against Defendant for similar telephone calls claimed to be in violation of the TCPA. *See* Doc. No. 36, Order at p. 7 ("Because the facts in Johnson's complaint support the conclusion that Defendants were responsible for the phone calls at issue in this case and the phone calls were directed to Texas, the court holds that Defendants have sufficient minimum contacts with this forum to give rise to specific jurisdiction in the context of this lawsuit.").

(9th Cir. 1995).  *See also BCS & Associates Business Consulting Services, Inc. v. Essentia Health,* 2010 WL 1253186, at * 5–*6 (D. Ariz., March 25, 2010)

Here, the burden has shifted to Defendant to "present a compelling case" that the District Court of Arizona's exercise of specific personal jurisdiction over Defendant in Arizona would be contrary to fair play and substantial justice.  *See Ballard,* 65 F.3d at 1500.  First, Defendant purposefully interjected itself into Arizona by intentionally telephoning Plaintiff.  Second, the modern-day ease of email and other communications, electronic filing, and relative ease of air travel lessen the burden on Defendant to defend in Arizona.  *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986) ("Improvements in communication and transportation have reduced much of the historical burden of litigating in a distant forum."); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 294 (1980).

The third factor is not relevant here.  There is no issue as to conflicts of law because Plaintiff's claim arises under the TCPA, a federal statute.

Fourth, Arizona has a strong interest in providing a forum for Plaintiff.  The state of Arizona maintains a strong interest in providing a forum for its residents in circumstances such as these to ensure that its residents are not injured by foreign entities.  The TCPA aims to eliminate abusive telemarketing practices.  Here, Defendant made, or caused to be made, abusive telemarketing calls to Plaintiff in Arizona.  If the court refuses to grant jurisdiction, Arizona consumers suffering such abuse may not have a forum to seek redress since they would be forced to file suit in far away and inconvenient forums.

Fifth, judicial efficiency is served by this Court asserting jurisdiction over Defendant. The efficient resolution of a controversy is furthered when a court asserts jurisdiction over a case that is currently on that court's active docket. This case is currently on this Court's active docket. Therefore, the interstate judicial system's interest in the most efficient resolution of controversies would be furthered if this Court grants jurisdiction.

Sixth, Plaintiff lives in Arizona. His decision to file suit here weighs in his favor. As to the seventh factor, an alternative forum likely exists in Florida, but such transfer would create a significant economic hardship to the non-corporate Plaintiff, who may elect to forego vindicating his rights under the TCPA rather than incurring the cost of travel.

Accordingly, the exercise of specific jurisdiction over Defendant in the District of Arizona is fair, just, and reasonable. *Schwarzenegger,* 374 F.3d at 802 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Defendant cannot present a "compelling case" that exercising jurisdiction over it in Arizona is unreasonable. *Ballard,* 65 F.3d at 1500.

### IV.   Plaintiff Sufficiently Pleads His TCPA Claim

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy Rule 8(a)(2), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). Although this standard requires that a claim be "plausible on its face," it does not require that a complaint contain "detailed factual allegations." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937

(internal quotation marks and citations omitted).  *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests.") (internal quotation marks and citations omitted); *Sheppard v. David Evans & Assoc.,* 694 F.3d 1045, 1048-49 (9th Cir. 2012).  Clearly, Defendant is on notice as to what Plaintiff's claim is and the grounds upon which it rests.  This is evident from Defendant's factual contention, improperly submitted on a Rule 12(b)(6) motion, that it "did not make or otherwise initiate any of the calls described in the Complaint . . ."  (Doc. No. 16 at 11).

Plaintiff's Complaint, while brief, nonetheless satisfies Rule 8(a)(2)'s pleading standard.  Taking all of the allegations in the complaint as true, Plaintiff has successfully alleged that Defendant violated the TCPA by using automated dialing equipment and/or an artificial or prerecorded voice to call his cell phone.  *See* 47 U.S.C. § 227(b)(1).  Here, Plaintiff sufficiently pleads all these elements (*See* Docket No. 1, Complaint at ¶¶ 8-16).  *See, e.g., Kristensen v. Credit Payment Services, Inc.*, 2013 WL 686492, at *2 (D. Nev. Feb. 22, 2013) (Similarly pled facts "are enough to make a short and plain statement showing that Plaintiff is entitled to relief" under the TCPA.) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.     Defendant's Responsibility for the Calls is Sufficiently Pleaded**

Contrary to Defendant's contention, Plaintiff does sufficiently plead that Defendant was responsible for making the subject telephone calls; repeatedly asserting that Defendant "placed calls" or was otherwise responsible for making the calls through an ATDS and/or an artificial or prerecorded voice "in an attempt to solicit its products and services to Plaintiff."

(Doc. No. 1 at ¶¶ 8-11, 15, 18 and 19). In the face of these allegations, Defendant makes the improper factual contention that it "does not make unsolicited telephone calls using an automated telephone dialing system or a prerecorded voice." (Doc. No. 16-1 at ¶ 8). Without discovery, Plaintiff cannot know exactly how Defendant made or caused to make its telephone calls to him. Defendant's exact role in the making of the phone calls is not a matter properly before the Court now because it "is a factual matter that cannot be resolved on a Rule 12(b)(6) motion." *Desai v. ADT Security Services, Inc.*, 2011 WL 2837435, at *1 (N.D. Ill July 18, 2011).[4]

Moreover, even if Defendant had a third-party make the telephone calls, Defendant would still be responsible for the calls under the TCPA. To wit, the Federal Communications Commission ("FCC") has unequivocally ruled that "[c]alls placed by an agent of telemarketer are treated as if the telemarketer itself placed the call." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Memorandum Opinion and Order, 100 FCC Rcd 12391, 12397 at ¶ 13 (1995).

---

[4] Defendant also makes the improper factual contention that Plaintiff previously purchased a travel package from Defendant back in 2011 and was making follow up calls because the package was due to expire. (Doc. No. 16-1 at ¶ 10). Aside from being improperly raised on this motion, Defendant's contention is also implausible. Defendant proffers that it was only able to make this determination "through information provided by Plaintiff's counsel." Because of privacy concerns, the Complaint did not contain Plaintiff's full cellular telephone number; that information was provided by email from Plaintiff's counsel to defense counsel after service of the Complaint. However, the Complaint did contain Plaintiff's full name, and presumably, Defendant could have use this information to look up whether Plaintiff had previously purchased a travel package.

### B.     Defendant's Calls to Plaintiff are Sufficiently Pleaded

Defendant also erroneously contends that Plaintiff has not sufficiently alleged the "date, time, length, and content" of the calls.  (Doc. No. 16 at 11).  First, Plaintiff does allege the content; setting forth that Defendant "placed calls to Plaintiff's cellular telephone in an attempt to solicit its products and services to Plaintiff."  (Doc. No. 1 at ¶ 9).  Further, Plaintiff is not required to specify how many calls Defendant made, or caused to make, or when they were made.  Under applicable federal law, "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context" of every telephone call.  *Robinson v. Midland Funding, LLC*, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) (quoting *Kramer v. Autobytel, Inc.*, 2010 WL 5463116, at *6 (N.D. Cal. Dec. 29, 2010)).

### C.     Defendant's Use of an ATDS is Sufficiently Pleaded

Lastly, and contrary to Defendant's contention, Plaintiff sufficiently pleads that Defendant employed an ATDS to make the subject calls.  (Docket No. 1 at ¶¶ 9-11).  For instance, a complaint sufficiently alleges the use of an ATDS where it can be inferred that the subject calls were made "en masse."  *See Strickler v. Bijora,* 2012 WL 5386089 (N.D. Ill. Oct. 30, 2012).  Here, the Complaint alleges that Defendant's calls were made to sell its products and services (Doc. No. 1 at ¶ 9), which is not a communication unique and particular to Plaintiff, but rather an objective to a targeted audience that is widespread.  The widespread nature of Defendant's telemarketing business is also supported by the fact that it is registered as a "telephone solicitor" with the Arizona Secretary of State.  (*See* fn. 2,

14

1  *supra*).[5] Thus, the Complaint contains allegations from which the Court can infer that

2  Defendant used an ATDS.[6]

3        Accordingly, Defendant's motion to dismiss for failure to state a claim should be

4  denied.

## CONCLUSION

      For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.  Alternatively, should the Court find that Plaintiff has not yet met his *prima facie* burden for establishing this Court's personal jurisdiction over Defendant, Plaintiff respectfully requests limited jurisdictional discovery.  A court should allow a party to conduct discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Wells Fargo,* 556 F.2d 406, 430 n. 24 (citation and alteration omitted).  Here, the discovery would be limited to how Defendant made its telemarketing phone calls to Plaintiff and other Arizona residents.  Such discovery would include any use by Defendant of a third-party in furtherance of such telemarketing calls.  *See, e.g., Sher v. Johnson,* 911 F.2d 1357, 1362 (9th

---

[5] The Court may take judicial notice of this fact without converting Defendant's motion to dismiss into one for summary judgment. *See, e.g., United States v. 14.02 Acres of Land More or Less in Fresno Cnty.,* 547 F.3d 943, 955 (9th Cir. 2008); *MGIC Idem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

[6] Plaintiff's claim under Section 227(b)(1)(A)(iii) is also brought under the separate and distinct basis that Defendant's calls were made through an artificial or prerecorded voice. (Doc. No. 1 at ¶¶ 10, 11, 18 and 19).  Defendant does not argue that these allegations are insufficient.

15

Cir. 1990) (citation omitted) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal.").

    RESPECTFULLY SUBMITTED this 30th day of December, 2013.

                              LEMBERG & ASSOCIATES, LLC

                              By: */s/ Trinette G. Kent*
                                    Trinette G. Kent

                                 Attorneys for Plaintiff,
                                 Douglas Baker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2013 a copy of the foregoing was served electronically by the U.S. District Court District of Arizona Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                        */s/ Allison Petrides*
                                        Allison Petrides
                                        Paralegal to Trinette G. Kent