**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Baker, ) | CV 13-8246-PCT-PGR |
| )  Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Caribbean Cruise Line, Inc., ) | |
| ) | |
| )  Defendant. ) | |

On October 10, 2013, Plaintiff field a two-count complaint, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and invasion of privacy by intrusion upon seclusion. (Doc. 1.) Before the Court is Defendant's amended motion to dismiss the complaint for lack of personal jurisdiction and failure to state a claim under Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 16.) For the reasons set forth herein, the motion is denied in part and granted in part.[1]

## DISCUSSION

### I.     Personal jurisdiction: Rule 12(b)(2)

Under Rule 12(b)(2), a court may dismiss a case for "lack of jurisdiction over the person." If a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *See Doe I v. Unocal*

---

[1] The Court finds this matter appropriate for decision without oral argument. *See* LRCiv. 7.2(f)

1   *Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam). The plaintiff need only make a prima

2   facie showing by presenting facts which, if true, establish jurisdiction. *Mattel, Inc. v. Greiner*

3   *and Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). "Unless directly contravened,

4   [plaintiff's] version of the facts is taken as true, and conflicts between the facts contained in

5   declarations submitted by the two sides must be resolved in [plaintiff's] favor for purposes

6   of deciding whether a prima facie case for personal jurisdiction exists." *Id.*

7            There are two types of personal jurisdiction, general and specific. General jurisdiction

8   exists where a nonresident defendant's activities within a state are "substantial" or

9   "continuous and systematic." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557

10  F.2d 1280, 1287 (9th Cir. 1977). "A court may assert general jurisdiction over foreign (sister-

11  state or foreign-country) corporations to hear any and all claims against them when their

12  affiliations with the State are so 'continuous and systematic' as to render them essentially at

13  home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, --- U.S. ----,

14  131 S. Ct. 2846, 2851 (2011). A nonresident defendant's contacts must "approximate

15  physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223

16  F.3d 1082, 1086 (9th Cir. 2000). To determine whether a nonresident defendant's contacts

17  are sufficiently continuous and substantial, courts consider their "longevity, continuity,

18  volume, economic impact, physical presence, and integration into the state's regulatory or

19  economic markets." *Taxon v. RJ Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir.

20  2006); *see Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

21           Specific jurisdiction arises when a defendant's specific contacts with the forum give

22  rise to the claim in question. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S.

23  408, 414-16 (1984). "A court exercises specific jurisdiction where the cause of action arises

24  out of or has a substantial connection to the defendant's contacts with the forum." *Glencore*

25  *Grain Rotterdam B .V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

26  The Ninth Circuit employs a three part test: specific jurisdiction exists if (1) the defendant

27

28                                              - 2 -

1   has performed some act or consummated some transaction within the forum or otherwise

2   purposefully availed himself of the privilege of conducting activities in the forum, (2) the

3   claim arises out of or results from the defendant's forum-related activities, and (3) the

4   exercise of jurisdiction is reasonable. *Mattel*, 354 F.3d at 863. The plaintiff bears the burden

5   of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff

6   fails to satisfy either of these prongs, personal jurisdiction is not established in the forum

7   state. *Id.* If the plaintiff succeeds in satisfying both of the first two prongs, the burden then

8   shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would

9   not be reasonable. *Id.*

10         While Plaintiff contends that both general and specific jurisdiction exist, it is clear that

11   Defendant does not have "substantial" or "continuous and systematic" contact with Arizona.

12   The only facts alleged in the complaint are that Defendant "transact[s] business" in Arizona

13   (Doc. 1, ¶ 3) and that Defendant placed calls to Plaintiff's cell phone. This is insufficient to

14   establish that Defendant has "approximate physical presence" in Arizona.

15         The question of specific jurisdiction is closer. The issue turns on whether Defendant's

16   calls to Plaintiff were sufficient to show purposeful availment. Plaintiff cites *In j2 Global*

17   *Communications, Inc. v. Blue Jay, Inc.*, No. C-08-4254-PJH, 2009 WL 29905, at *10

18   (N.D.Cal. Jan. 05, 2009), and *Hudak v. Berkley Group, Inc.*, No. 3:13-cv-00089-WWE, 2014

19   WL 354676, at *3 (D.Conn. January 23, 2014), to support his argument that specific

20   jurisdiction exists. In *j2* the court ruled that unsolicited fax advertisements sent to the

21   plaintiff's fax machine from an out-of-state defendant in violation of the TCPA provided a

22   sufficient basis for personal jurisdiction.  2009 WL 29905, at *10; *see also Heidorn v. BDD*

23   *Marketing & Management Company, LLC*, Case No. C–13–00229 JCS, 2013 WL 6571629,

24   8 (N.D.Cal. August 19, 2013) (where "the defendant has directed its activities at the forum

25   state by calling the plaintiff without the plaintiff's consent, the TCPA claim arises out of that

26   conduct, and exercise of jurisdiction is not unreasonable").

27

28

In *Hudak*, a case also involving the defendant here, Caribbean Cruise Line, the court found that the defendants had "sufficient minimum contacts with this forum to give rise to specific jurisdiction in the context of this lawsuit" where the complaint alleged that the defendants made unsolicited phone calls to the plaintiff in Connecticut.  WL 354676, at *3. The court also found that "subjecting defendants to this Court's jurisdiction does not offend traditional notions of fair play and substantial justice. Indeed, defendants purposely availed themselves of the privilege of doing business in Connecticut and could foresee being haled into court here." *Id.*

The Court finds that complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona number and the fact that those calls are the basis for Plaintiff's claims. Defendant has not presented a compelling case that jurisdiction here would not be reasonable.

## II.     Failure to state a claim: Rule 12(b)(6)

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard requires there to be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

- 4 -

However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**Count I**

In Count I of his Complaint, Plaintiff alleges that Defendant violated § 227(b)(1)(A)(iii) of the TCPA, which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone." In support of this claim Petitioner alleges the following:

> 8. Within the last four years, Caribbean placed calls to Plaintiff's cellular telephone . . .
> 9. At all times referenced herein, Caribbean placed calls to Plaintiff's cellular telephone in an attempt to solicit its products and services to Plaintiff.
> 10. Caribbean placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.
> 11. When Plaintiff answered the calls from Caribbean, he heard a prerecorded message delivered by Caribbean.
> 12. Plaintiff never provided his cellular telephone number to Caribbean.
> 13. Plaintiff never provided his consent to Caribbean to be contacted on his cellular telephone.
> 14. Plaintiff has no prior business relations with Caribbean and never requested by an agreement or otherwise that Caribbean contact him.
> . . .
> 18. Without prior consent, the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

(Doc. 1 at ¶¶ 8–14, 18.)

Defendant asserts that Plaintiff's complaint fails to support the allegation that the calls were automated or used an artificial or prerecorded voice, and omits facts about the time, length, and content of the calls. (Doc. 16 at 11–12.) Courts have held, however, that "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context" of every telephone call. *Robinson v. Midland Funding, LLC*, No. 10-cv-

- 5 -

2261-MMA(AJB), 2011 WL 1434919, at *3 (S.D.Cal. April 13, 2011) (quoting *Kramer v. Autobytel, Inc.*, No. 10-cv-2722-CW, 2010 WL 5463116, at *6 (N.D.Cal. Dec. 29, 2010)); *see Mashiri v. Ocwen Loan Servicing, LLC*, No. 3:12-cv-28238-L-MDD, 2013 WL 5797584, at *5 (S.D.Cal. Oct. 28, 2013); *Reyes v. Saxon Mortg. Services, Inc.*, No. 09-cv-1366-DMS(WMC), 2009 WL 3738177, at *4 (S.D.Cal. Nov. 5, 2009).

The allegations in Plaintiff's complaint are similar to those found sufficient in these cases. Therefore, the court will deny Defendant's motion to dismiss Count I.

**Count II**

In support of his state law claim of invasion of privacy by intrusion upon seclusion, Plaintiff alleges the following:

> 25. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff the above referenced telephone calls.
> 26. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.
> 27. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

(Doc. 1, ¶¶ 26–27.)

A person is liable for this tort if he "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." *Hart v. Seven Resorts, Inc.*, 190 Ariz. 272, 279, 947 P.2d 846, 850 (App. 1997) (citing *Rest. (2d) Torts* § 652B (1977)). However, a defendant is liable "only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *Id.* (citing *Rest (2d) Torts* § 652B cmt. c).

The Court concludes that Plaintiff fails to plead a claim for invasion of privacy. The only conduct alleged is calls made to Plaintiff's cell phone. The complaint fails to allege in more than a conclusory fashion the frequency or content of the calls or to specify what was

highly offensive about them. *See Castellanos v. JPMorgan Chase & Co.*, No. 09-CV-969-H (JMA), 2009 WL 1833981, at *10 (S.D.Cal. June 23, 2009) (dismissing invasion of privacy claims where "Plaintiff fail[ed] to allege the content of any of the calls placed to Plaintiff or Plaintiff's brother-in-law and what was highly offensive about such calls"). Therefore, the complaint fails to state a claim on which relief can be granted. The Court finds, however, that Plaintiff may be able to cure this deficiency by amending his complaint. The Court will therefore grant Plaintiff leave to amend.

Accordingly,

IT IS ORDERED granting in part and denying in part Defendant's amended motion to dismiss (Doc. 16). Count II is dismissed under Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER ORDERED that Plaintiff may filed an amended complaint with respect to Count II on or before March 28, 2014.

DATED this 6th day of March, 2014.

Paul G. Rosenblatt
United States District Judge

- 7 -